IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DONNA L. BROOKS,<br><br>        Defendant and.<br>        Judgment Debtor.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT,<br><br>        Garnishee. | CIV S-03-2438-FCD-KJM<br><br>ORDER OF GARNISHMENT (WAGES) |

     A Writ of Garnishment (Wages), directed to the Garnishee Employment Development Department, has been duly issued and served upon the Garnishee in order to garnish the wages of Defendant and Judgment Debtor Donna L. Brooks ("Judgment Debtor"), to be applied towards satisfaction of the outstanding civil judgment entered against her on June 30, 2004, in the amount of $30,821.29 plus statutory interest. The debt balance as of March 21, 2007, was $45,323.48; interest accrues at 2.16 percent (currently approximately $2.66 per day) and it gets compounded annually on the thirtieth day of June.

     On May 31, 2005, the Garnishee Employment Development Department filed an Acknowledgment of Service and Answer of Garnishee (Wages). On March 28, 2007, the Declaration of Melissa E. Apostol was filed updating the Judgment Debtor's wage information.

1     The Judgment Debtor was served by the Garnishee with the Answer of Garnishee as set forth
2  in 28 U.S.C. § 3205(c)(5).  On May 26, 2005, the Judgment Debtor filed a written objection to the
3  garnishment and requested a hearing as set forth in 28 U.S.C. § 3205(c)(5).
4     A garnishment hearing was scheduled for June 8, 2005.  On June 7, 2005, however, the
5  Judgment Debtor filed a Chapter 13 Bankruptcy Petition.  Pursuant to 11 U.S.C. § 362(a) of the
6  Bankruptcy Code, the filing of the bankruptcy petition operated as an automatic stay of the
7  garnishment action against the Judgment Debtor.  The Judgment Debtor's Chapter 13 was later
8  converted to a Chapter 7 case.
9     On December 16, 2005, the United States, by and through its agency the Internal Revenue
10 Service, filed with the Bankruptcy Court a Complaint, Adversary Proceeding 05-02510, to determine
11 if the Judgment Debtor's tax debt was excepted from discharge.
12    On January 20, 2006, the Judgment Debtor obtained a Discharge of Debtor; however, the
13 Discharge of Debtor notice did not automatically discharge the Judgment Debtor's tax debt.
14    On March 10, 2006, the Internal Revenue Service filed an Application for Default Judgment
15 against the Judgment Debtor pursuant to Fed. R. Civ. P. 55(b)(1).  On March 17, 2006, the
16 Bankruptcy Court ordered "that [Judgment Debtor's] debt to the United States . . . in the amount of
17 $30,821.29 plus statutory interest is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)."
18 The Bankruptcy Court further held "that [Judgment Debtor's] debt to the United States . . . in the
19 amount of $30,821.29 plus statutory interest is also excepted from discharge pursuant to . . . 11
20 U.S.C. § 523(a)(1)(c)."
21    By notice filed July 27, 2006, the United States notified the Court of the completion of the
22 Judgment Debtor's bankruptcy proceeding and termination of the automatic stay and requested that
23 the garnishment hearing be rescheduled.  A garnishment hearing was scheduled for October 18,
24 2006. On September 13, 2006, however, the Judgment Debtor filed a second Chapter 13 Bankruptcy
25 Petition.  As indicated above, pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code, the filing of
26 the bankruptcy petition operated as an automatic stay of the garnishment action against the Judgment
27 Debtor.
28 ////

1    By Civil Minute Order filed November 2, 2006, upon motion by the Chapter 13 Trustee, the
2 Bankruptcy Court dismissed the Judgment Debtor's bankruptcy.
3    By notice filed January 12, 2007, the United States notified the Court of the dismissal of the
4 Judgment Debtor's second bankruptcy proceeding and termination of the automatic stay and
5 requested that the garnishment hearing be rescheduled.
6    On April 11, 2007, this Court held a garnishment hearing on this matter in response to the
7 Judgment Debtor's request. Bobbie J. Montoya, Assistant U.S. Attorney, appeared on behalf of
8 Plaintiff United States of America; Donna L. Brooks, the Judgment Debtor, appeared on her own
9 behalf. At the hearing, Brooks advised the Court that she was currently on permanent disability and
10 that the state agency where she works, Employment Development Department ("EDD"), was
11 processing the appropriate paperwork to permanently separate her from employment at EDD. By
12 Order issued April 12, 2007, the Court ordered Brooks to submit an affidavit with respect to her
13 employment with EDD, her disability, and her financial status. The Court further accorded
14 permission to the United States to supplement its March 28, 2007 filing in response to Brooks'
15 representations at the hearing. On April 23, 2007, Brooks filed her affidavit. On April 27, 2007,
16 plaintiff filed its supplemental response, and on May 9, 2007, plaintiff filed its second supplemental
17 response and the Declaration of Jennifer Haight, Senior Personnel Specialist, EDD.
18    Based on the foregoing and the files and records herein, the Court finds as follows:
19    1) Brooks was approved for a service or "normal" retirement from EDD effective April 1,
20 2007, and, thus, she is now permanently retired from EDD. Haight Decl. at ¶ 3. Brooks' service
21 retirement pay is administered by CalPERS. *Id*. at ¶ 4.
22    2) Brooks also has applied to CalPERS for a disability retirement, and her application is still
23 pending. *Id*. at ¶ 5. If Brooks' disability retirement application is approved, then her service
24 retirement will be converted to a disability retirement, and it also will be administered by CalPERS.
25 *Id*.
26    3) EDD is currently holding the sum of $19.00, representing the total amount of funds held
27 from Brooks' salary to date, pursuant to the writ of garnishment issued in this garnishment
28 proceeding. *Id*. at ¶ 6.

4) Brooks is entitled to claim that 75% of her disposable income is exempt from this garnishment proceeding; however, the remaining 25% thereof is subject to a continuing garnishment.

5) Brooks' claim for exemption based on necessity for support of the debtor or the debtor's family is not supported by any evidence provided to the Court or to the United States.

6) Brooks' claim for exemption of personal property is not applicable herein.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Garnishee EDD is to remit to the United States of America the funds in its possession held from Brooks' salary to date in accordance with the writ of garnishment, and an accounting thereof, by sending them to:

> U.S. Attorney's Office
> Attn: Financial Litigation Unit
> 501 I Street, Suite 10-100
> Sacramento, CA 95814

All funds remitted by EDD to the United States will be applied by the United States towards the balance of its judgment against Brooks.

Should Brooks later become re-employed by EDD, then EDD shall withhold each pay period and remit to the United States the maximum of 25% of Brooks' disposable earnings,[1] in conjunction with and in appropriate order of priority with any other garnishor of Brooks' wages,[2] which garnishment is to continue until the judgment is paid in full, or until further order of the Court.[3]

IT IS SO ORDERED.

DATED: May 10, 2007.

_____
U.S. MAGISTRATE JUDGE

---

[1] Disposable earnings consist of gross earnings less required withholdings for federal income taxes, Social Security and Medicare taxes, state income taxes, state disability insurance, and required payments to a public employee retirement system.

[2] The total garnishment from all garnishors is not to exceed 25% of the Judgment Debtor's disposable earnings. California Civil Procedure Code § 704.070(b)(2).

[3] *See* 28 U.S.C. § 3205(c)(10).